USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/22

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA              :
                                      :   No. 11 Cr. 912 (JFK)
     -against-                        :   No. 16 Civ. 5080 (JFK)
                                      :
MICHAEL CAMPBELL,                     :   OPINION & ORDER
                                      :
                    Defendant.        :
-------------------------------------X
```

APPEARANCES

FOR DEFENDANT MICHAEL CAMPBELL:
    Mary Elizabeth Mulligan, Russell Todd Neufeld
    FRIEDMAN, KAPLAN, SEILER & ADELMAN
    Thea Burns Johnson
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    Christopher Joseph Dimase
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant-Petitioner Michael Campbell's ("Campbell") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Campbell's motion is DENIED.

**I. Background**

On January 8, 2013, Campbell and eight others were charged with a series of federal offenses related to their roles in a violent armed robbery crew that primarily targeted drug dealers in the Bronx between approximately 2009 and 2012. Campbell was charged in a two-count superseding information with one count of using, carrying, and possessing a firearm during and in relation

to a crime of violence, "namely . . . assault in aid of racketeering[,]" in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2 ("Count One"), and one count of using, carrying, and possessing a firearm, which was discharged, during and in relation to a crime of violence, "namely . . . armed robbery[,]" in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (C)(i). (Superseding Information, ECF No. 146.)  Count One related to Campbell's role in the retaliatory murder of Jordan Jones on July 5, 2009.  (Presentence Report ("PSR") ¶ 16.)  Count two related to Campbell's participation in the December 26, 2010, robbery and murder of Patrick Woodburn.  (Id. ¶ 21.)

On February 11, 2014, Campbell pled guilty, pursuant to a plea agreement, to Counts One and Two.  (Plea Hearing Transcript ("Plea Tr.") at 17:6-18:23, ECF No. 159.)  During his plea allocution, Campbell made the following statement as to Count One:

> THE DEFENDANT: On or about July 5, 2009, . . . I participated in the murder of Jordan Jones[.]  I knew that a firearm would be used during the commission of the offense and, in fact, the firearm was discharged. My associate and I engaged in this offense in retaliation for a previous incident with another group.  This offense allowed my associate and I to maintain our position with our group.

(Plea Tr. at 17:8-15.)  As for Count Two, the following exchange took place between Campbell and the Court:

2

> THE DEFENDANT: On or about December 26, 2010, I agreed and participated in a robbery of a drug dealer . . . in the Bronx.  I knew that a firearm would be used during the commission of the offense, and, in fact, a firearm was discharged.  During the course of the robbery, Patrick Woodburn was shot and killed.
>
> THE COURT: What you . . . robbed was marijuana from him?
>
> THE DEFENDANT: Yes, sir.

(Id. at 18:21-19:4.)  On July 1, 2014, the Court sentenced Campbell to the mandatory minimum of thirty years' imprisonment followed by five years of supervised release.  (Sentencing Hearing at 9:1-8, ECF No. 180.)  Campbell did not appeal his conviction or sentence.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 576 U.S. 591 (2015), and struck down the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), as unconstitutionally vague.  Prior to the passage of the one-year statute of limitations for filing § 2255 motions based on Johnson, Campbell filed a "placeholder" § 2255 motion challenging the validity of his convictions.  (Motion to Vacate ("Motion"), ECF No. 279).  Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Campbell's placeholder § 2255 motion pending the disposition of

3

certain cases addressing the constitutionality of § 924(c). (ECF No. 280.)

On June 3, 2020, the Court directed the Government to file a letter addressing whether the stay should be lifted in light of the Second Circuit's decisions in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), and United States v. Barrett, 937 F.3d 126 (2d. Cir. 2019).  (ECF No. 325.)  By letter dated June 8, 2022, the Government, writing with the consent of Defense counsel, requested that the stay be continued pending the resolution in the Second Circuit of United States v. Darren Morris, Dkt. No. 16-6.  (Stay Request (June 8, 2020), ECF No. 332.)  Darren Morris ("Morris"), a co-defendant in Campbell's case, had directly appealed his two § 924(c) convictions on the grounds that neither attempted Hobbs Act robbery nor assault in aid of racketeering qualified as "crimes of violence" after Johnson.  (Id.)  The Court granted the parties' request and continued the stay.  (ECF No. 334.)  On September 14, 2020, the parties again requested that the stay be continued pending the Second Circuit's decision in Morris. (Stay Request (Sept. 14, 2020), ECF No. 348.)  The Court granted the request and ordered the parties to "file a joint status update by no later than January 4, 2021."  (ECF No. 354.)  The requested update was never filed, and no additional briefing was submitted by either party.

## II. Discussion

### A. Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). 18 U.S.C. § 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

In United States v. Davis, --- U.S. ---, 139 S. Ct. 2319, 2324 (2019), the United States Supreme Court struck down the so-called "risk-of-force clause" or "residual clause" of §

5

924(c)(3)(B) as unconstitutionally vague. As a result, a § 924(c) conviction remains valid only if the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

### B. Analysis

Although Campbell never filed a memorandum of law in support of the instant motion, the description of his claimed basis for relief in the placeholder motion is sufficient for the Court to conclude that his claims are meritless. In his placeholder motion, Campbell argues that his two § 924(c) convictions must be vacated because "attempted Hobbs Act robbery . . . and assault in aid of racketeering . . . no longer qualify as 'crimes of violence'" following Johnson. (Motion at 5.) Campbell also argues that "Hobbs Act robbery and assault in aid of racketeering are not 'crimes of violence' under the [elements clause] of 924(c)(3)(A) because they do not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force." (Id.) Campbell's arguments are unavailing for two reasons.

First, the record clearly establishes that Campbell's § 924(c) conviction in Count Two was predicated on completed Hobbs Act robbery, not attempted Hobbs Act robbery. (See Superseding Information at 2.) During his plea hearing, Campbell expressly

6

acknowledged that he used a firearm during "an armed robbery of approximately 10 pounds of marijuana." (Plea Tr. at 18:21-23.) In Hill, the Second Circuit recognized that completed Hobbs Act robbery is a "crime of violence" under the so-called "elements clause" of § 924(c)(3)(A). Hill, 890 F.3d at 60 ("Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting 18 U.S.C. § 924(c)(3)(A))). Although Hill was decided before the Supreme Court's decision in Davis, the Second Circuit has repeatedly reaffirmed Hill's core holding. United States v. Walker, 789 F. App'x 241, 245 (2d Cir. 2019) ("Our prior holding in United States v. Hill, that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by Davis . . . and remains binding on us in this case." (internal citations omitted)); see also United States v. Felder, 993 F.3d 57, 79 (2d Cir. 2021) (noting Hobbs Act robbery is crime of violence under the elements clause).

Second, assault with a dangerous weapon in aid of racketeering also qualifies as a "crime of violence" under the "elements clause" of § 924(c)(3)(A). As courts in this Circuit have recognized, "[b]randishing and using a gun during an assault in aid of racketeering necessarily involves the use of force that is capable of causing physical pain or injury to

7

another person." Rodney v. United States, No. 11 Cr. 303 (NGG), 2019 WL 2571150, at *4 (E.D.N.Y. June 20, 2019); see also DeJesus v. United States, 11 Cr. 974 (CM), 2019 WL 6711478, at *2 (S.D.N.Y. Dec. 10, 2019) (same). Accordingly, "assault [with a dangerous weapon] in aid of racketeering is . . . categorically a crime of violence under the [elements] clause of § 924(c)." Rodney, 2019 WL 2571150, at *4 (internal quotation marks omitted); see also United States v. Smith, 852 F. App'x 318, 322 (10th Cir. 2021) (holding that assault with a dangerous weapon in aid of racketeering activity is a crime of violence under § 924(c)'s elements clause); United States v. Woods, 14 F.4th 544, 553 (6th Cir. 2021) (same), cert. denied, 142 S. Ct. 910, 211 L. Ed. 2d 612 (2022).

Because Campbell's § 924(c) convictions in Counts One and Two were predicated on offenses that remain "crimes of violence" within the meaning of § 924(c)(3)(A), his § 2255 motion fails. See United States v. Felder, 993 F.3d 57, 81 (2d Cir. 2021).

### III. Conclusion

For the reasons set forth above, Defendant Michael Campbell's motion to vacate, set aside, or correct his sentence is DENIED. The Court declines to issue a certificate of appealability because Campbell has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Krantz v. United States, 224 F.3d 125, 127 (2d

Cir. 2000).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion & Order by Campbell would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 279 in criminal case 11-CR-912-JFK-2 and close civil case 16-CV-5080-JFK.

**SO ORDERED.**

Dated: New York, New York
       July 13, 2022

_____
John F. Keenan
United States District Judge